Megan Beaman (SBN 261539)
    megan@beaman-law.com
Curtis Davis (SBN 323353)
    curtis@beaman-law.com
**BEAMAN JACINTO LAW, P.C.**
73733 Fred Waring Drive, Suite 203
Palm Desert, California 92260
Tel: (760) 698-9626

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FURMANKSI, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1 through 25, Inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **DISABILITY DISCRIMINATION** <br> 2. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS** <br> 3. **FAILURE TO ACCOMMODATE** <br> 4. **RETALIATION FOR REQUESITNG REASONABLE ACCOMMODATION** <br> 5. **FAILURE TO PREVENT DISCRIMINATION** <br> 6. **FMLA INTERFERENCE** <br> 7. **FMLA RETALIATION** <br> 8. **CFRA VIOLATION** <br> 9. **CFRA RETALIATION** <br> 10. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** <br><br> **JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

1. This is an action brought by an employee, Mr. David Furmanski ("Mr. Furmanski"), against his former employer, the Defendants, for violations of laws applicable to his employment, including discrimination based on disability; failure to accommodate; failure to engage in the interactive process related to his disability or disabilities; interference with and retaliation for Plaintiff's exercise of medical leave for his serious health condition(s); retaliation for exercise of rights to medical leave and accommodation; and wrongful termination.

## JURSDICTION & VENUE

2. Jurisdiction is proper under 28 U.S.C. §1332(d)(2) because Plaintiff is a resident of California, and Defendant Wal-Mart Associates, Inc. is headquartered in Arkansas. Furthermore, Plaintiff brings claims under federal law and seeks damages exceeding $75,000. For these reasons, this Court has jurisdiction.

3. Venue is proper in the United States District court for the Central District of California because pursuant to 18 U.S.C. § 1391(b) and 18 U.S.C. § 1441(a) because Defendant does business within the state of California and Plaintiff resides within this District.

## PLAINTIFF

4. Plaintiff David Furmanksi was at all times relevant was a resident of the State of California, County of Riverside, and was employed by Defendants in the city of Palm Desert, Riverside County, California.

5. At relevant times, Plaintiff was entitled to Family Medical Leave Act (FMLA) and California Family Rights Act (CFRA) protections including protected leave without interference, job restoration at the conclusion of his leave, and freedom from retaliation for his exercise of right to medical leave.

6. At all relevant times, Plaintiff had physical disabilities, as defined in Government Code sections 12926, subdivisions (j) and (m), and 13926.1,

subdivisions (a-d), and California Code of Regulations, title 2, section 11065, subdivision (d).

7. At all relevant times, Plaintiff's physical disabilities limited his ability to engage in major life activities such as working, sleeping, concentrating, and more.

8. At all relevant times, Plaintiff was capable of performing the essential functions of the job he held with and/or without reasonable accommodations.

## DEFENDANTS

9. Defendant Wal-Mart Associates, Inc., ("Wal-Mart") is and at all relevant times mentioned herein, was a corporation formed under the laws of Delaware. Defendant operates a retail store located in Palm Desert, Riverside County. Defendant was and is an employer within the meaning of the Fair Employment and Housing Act and California Family Rights Act. Defendant further employed at least 50 employees at Plaintiff's worksite or within a 75-mile radius thereof and was thus a "covered" employer under the Family Medical Leave Act.

10. Plaintiff is ignorant of the true names or capacities of the Defendants sued herein under the fictitious names of DOES 1 through 25, inclusive, and therefor sues said Defendants under such fictitious names. Plaintiff will amend this complaint to allege the true names or capacities of said Defendants once they have been ascertained.

11. Plaintiff is informed and believes and therefore alleges that Defendant and each of the fictitiously named Defendants are responsible in some manner for the occurrence alleged herein and that the damages alleged herein were proximately caused by their conduct.

12. Plaintiff is informed and believes and so alleges that at all times relevant to this Complaint each of the Defendants was the agent of every other Defendant; that all acts alleged to have been committed by Defendant were

committed on behalf of every other Defendant; that each alleged act was committed by Defendant, and/or agents, servants, or employees of Defendants, and Defendants directed, authorized or ratified each such act; and that each of the Defendants aided and abetted every other Defendant in the commission of acts alleged herein.

## ADMINISTRATIVE EXHAUSTION

13.    Mr. Furmanski filed a timely charge of discrimination with the California Department of Fair Employment and Housing ("DFEH"), and requested and received a Right-to-Sue letter from DFEH on that same day, prior of the filing of this complaint.

14.    Plaintiff timely exhausted all administrative remedies prior to this complaint and has thus complied with all administrative prerequisites to bring this lawsuit.

## FACTS

15.    Defendant Wal-Mart Associates, Inc., is a large company and employer that operates in Riverside County and around the county.

16.    Defendants hired Mr. Furmanski on or about July 18, 2018 to work at its Palm Desert, California supermarket. At all relevant times, Plaintiff ably performed his job duties.  Throughout Mr. Furmanski's employment, Defendants paid him hourly, most recently at the rate of $14.35 per hour.  From the onset of his employment, Mr. Furmanski was scheduled to work and did work approximately 40 hours per week, five days per week. Mr. Furmanski periodically worked beyond 40 hours per week.

17.    On approximately August 15, 2019, Mr. Furmanski suffered an injury at work. Mr. Furmanski was stocking items on shelves in the store. While reaching up to stock items, Mr. Furmanski suffered an injury to his shoulder and endured significant pain immediately. Mr. Furmanski attempted to work through the pain

over the next few days. The pain intensified and Mr. Furmanski sought medical treatment from his doctor.

18.     After several weeks of treatment, Mr. Furmanski's shoulder injury did not improve. The condition limited Mr. Furmanski's major live activities; it constituted a disability.  Alternatively, Defendants perceived the condition to be a disability.  Nonetheless, Defendants did not engage Mr. Furmanski in any dialogue about whether and what reasonable accommodation might be needed.  Mr. Furmanski continued working in severe pain, the best he was able.

19.     On or about October 22, 2019, Mr. Furmanski's doctor ordered that he work with restrictions in the form of light duty (no heavy lifting). That same day, Mr. Furmanski provided a copy of his doctor ordered work restrictions to Vanessa (surname unknown), who was a Floor Manager for Defendants. Vanessa said that she would deliver the doctor's order to Wal-Mart upper management. Mr. Furmanski thus requested and required reasonable accommodations.

20.     Wal-Mart initially disregarded Mr. Furmanksi's requests for these accommodations.  Instead, Mr. Furmanski's supervisors and floor managers repeatedly made threats about his employment and reiterating that working without restrictions would allow Mr. Furmanski to preserve his job and benefits. Mr. Furmanski complied and continued working without accommodations, in severe pain, for fear that he would lose his employment and/or benefits.

21.     In approximately late October 2019, Wal-Mart transferred Mr. Furmanski to a cashier position that complied with his restrictions.

22.     In mid-December 2019, Michelle approached Mr. Furmanski at work and informed him that he would be taken immediately by a security guard to an off-site location to be drug-tested. Michelle stated that if Mr. Furmanski refused, then his employment would be terminated effective immediately. Mr. Furmanski stated that he was taking ibuprofen for his shoulder pain. In response, Michelle stated that she did not care and that he needed to be drug tested. Mr. Furmanski

complied, entered a vehicle driven by Defendants' security guard, and completed drug testing that same day. After completion of the drug-testing, Mr. Furmanski returned to Wal-Mart and he personally delivered to Michelle a copy of the paperwork the drug-testing facility provided to him.

23.    Michelle then ordered the security guard to drive Mr. Furmanski home, prohibiting Mr. Furmanski from using his own vehicle, which was in the Wal-Mart parking lot like usual. Mr. Furmanski saw he had no choice and arranged to retrieve his vehicle from later that evening.

24.    Defendants placed Mr. Furmanski on a two week leave while waiting for the drug test results. On or about January 2, 2020, after receiving clean drug test results, Defendants allowed Mr. Furmanski to return to work.

25.    Mr. Furmanski thus continued working in his cashier position until he took medical leave for surgery on February 5, 2020. Mr. Furmanski was ordered on a medical leave following the surgery until January 2021. Mr. Furmanski's doctor provided regular medical notes to Defendants during Mr. Furmanski's medical leave.

26.    Mr. Furmanski returned to work in January 2021 with restrictions that required accommodation.

27.    During the next several months, Defendants' supervisors and floor managers began a campaign of demeaning treatment and made verbal remarks associated with Mr. Furmanski's disability, medical leave, and surgery. For example, supervisors Faviola (surname unknown) and Rosie (surname unknown) told Mr. Furmanski that he was a "broken man" and assigned him to duties that violated his work restrictions. When Mr. Furmanski explained that the duties assigned violated his doctor ordered work restrictions, Faviola LNU and Rosie LNU questioned whether Mr. Furmanski truly had a disability and threatened to tell Wal-Mart upper management that he did not.

28. Defendants were on notice of all of the accommodations necessitated by Mr. Furmanski's various injuries and resulting disabilities, but repeatedly refused to provide reasonable accommodations requested, and instead belittled and demeaned him.

29. On or about May 21, 2021, Defendants called Mr. Furmanski into work on his day off in order to terminate his employment. Edgar Siodora, Wal-Mart Operations Manager, provided Mr. Furmanski a document ratifying the termination. The document stated the reason for termination was for "Policy Violation" without any further explanation of what the policy was or how Mr. Furmanski's conduct violated the alleged policy. Mr. Furmanski was left guessing, knowing that he did not violate any policy, much less one that would justify his termination.

30. Defendants took inadequate or no steps to engage in the interactive process with Mr. Furmanski to identify and determine the feasibility of necessary reasonable accommodations prior to terminating him.

31. Defendants provided inadequate or no notice of Mr. Furmanski's rights to medical leave under the FMLA and/or the CFRA.

32. At all times relevant herein, Mr. Furmanski was capable of performing and did perform his essential job functions with or without a reasonable accommodation.

33. As a result of Defendants' termination of his employment, Plaintiff suffered substantial economic loss.

34. As a direct and proximate result of Defendant's acts, Plaintiff suffered substantial emotional distress, including such symptoms as anxiety, depression, and more.

///

///

///

# FIRST CAUSE OF ACTION
## Discrimination Based on Disability
### in Violation of Cal. Gov't Code § 12940(a) *et seq.*
### Against All Defendants

35.     Plaintiff re-alleges and incorporates each preceding paragraph of this complaint as if fully set forth in this paragraph.

36.     California law as declared in the Fair Employment and Housing Act prohibits employment discrimination based on an employee's disability or the perception of his disability. Included in the definition of "disability" are certain serious medical conditions.

37.     Defendant's adverse actions toward Plaintiff, including maltreatment, suspension, and termination of his employment, were motivated by Plaintiff's disabilities or perception of his disabilities and were not supported by any good or just cause, in violation of California Government Code section 12940(a).

38.     As a direct, foreseeable, and proximate result of Defendants' wrongful acts, Plaintiff suffered special and general damages in an amount in excess of the minimum jurisdiction of this court, to be determined according to proof at the time of trial.

39.     Defendants' acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination. Defendants' despicable, deliberate, and intentional acts entitle Plaintiff to recover punitive damages in a sum sufficient to punish and deter Defendants from future similar conduct.

40.     Defendants' acts further entitle Plaintiff to a permanent injunction enjoining the Defendants from failing to provide a workplace free from discrimination based on disability.

41.     Plaintiff requests attorney fee and costs against Defendants pursuant to California Government Code section 12965(b).

## SECOND CAUSE OF ACTION
### Failure to Engage in Good Faith Interactive Process
### in Violation of Cal. Gov't. Code § 12940 et seq.
### Against All Defendants

42.     Plaintiff re-alleges and incorporates each preceding paragraph of this complaint as if fully set forth in this paragraph.

43.     Defendants failed to engage in a good faith, interactive process with Plaintiff to determine effective reasonable accommodations for his disabilities during his employment and prior to terminating his employment, in violation of California Government Code section 12940(n).

44.     As a direct, foreseeable, and proximate result of Defendants' wrongful acts, Plaintiff has suffered special and general damages in an amount exceeding this court's minimum jurisdiction, to be determined according to proof at the time of trial.

45.     Defendants' acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination. Defendants' despicable, deliberate, and intentional acts entitle Plaintiff to recover punitive damages in a sum sufficient to punish and deter Defendant from future similar conduct.

46.     Defendants' acts further entitle Plaintiff to a permanent injunction enjoining the Defendants from failing to provide a workplace free from discrimination based on disability.

47.     Plaintiff requests attorney fees and costs against Defendants pursuant to California Government Code section 12965(b).

///

///

///

///

### THIRD CAUSE OF ACTION
**Failure to Accommodate Disability**
**in Violation of Cal. Gov't. Code § 12940(m)**
**Against All Defendants**

48.     Plaintiff re-alleges and incorporates each preceding paragraph of this complaint as if fully set forth in this paragraph.

49.     Defendants were aware of Plaintiff's disabilities yet wrongfully and without good cause or justification denied his reasonable accommodations in the form of lighter work duties that complied with his doctor-ordered restrictions, or alternatively short amounts of time off work to recuperate, and instead assigned him more strenuous work duties and terminated his employment, all in violation of California Government Code section 12940(m).

50.     As a direct, foreseeable, and proximate result of Defendants' wrongful acts, Plaintiff has suffered special and general damages in an amount exceeding this court's minimum jurisdiction, to be determined according to proof at the time of trial.

51.     Defendants' acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination. Defendants' despicable, deliberate, and intentional acts entitle Plaintiff to recover punitive damages in a sum sufficient to punish and deter Defendants from future similar conduct.

52.     Defendants' acts further entitle Plaintiff to a permanent injunction enjoining the Defendants from failing to provide a workplace free from discrimination based on disability.

53.     Plaintiff requests attorney fees and costs against Defendants pursuant to California Government Code section 12965(b).

///
///

## FOURTH CAUSE OF ACTION
### Retaliation for Requesting Reasonable Accommodations
### in Violation of Cal. Gov't. Code § 12940(m)
### Against All Defendants

54.     Plaintiff re-alleges and incorporates each preceding paragraph of this complaint as if fully set forth in this paragraph.

55.     Defendants were aware of Plaintiff's disability and requests for reasonable accommodations in the form of lighter work duties that complied with his doctor-ordered work restrictions, or alternatively short amounts of time off work to recuperate. In retaliation for Plaintiff's requests for reasonable accommodations, Defendants engaged in increasingly retaliatory behavior toward him, which included maltreatment, suspension, and ultimately the termination of his employment, all in violation of California Government Code section 12940(m).

56.     As a direct, foreseeable, and proximate result of Defendants' wrongful acts, Plaintiff has suffered special and general damages in an amount exceeding this court's minimum jurisdiction, to be determined according to proof at the time of trial.

57.     Defendants' acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination. Defendants' despicable, deliberate, and intentional acts entitle Plaintiff to recover punitive damages in a sum sufficient to punish and deter Defendants from future similar conduct.

58.     Defendants' acts further entitle Plaintiff to a permanent injunction enjoining the Defendants from failing to provide a workplace free from retaliation.

59.     Plaintiff requests attorney fees and costs against Defendants pursuant to California Government Code section 12965(b).

///

///

## FIFTH CAUSE OF ACTION
### Failure to Prevent Discrimination
### in Violation of Cal. Gov't. Code § 12940(k)
### Against All Defendants

60.     Plaintiff re-alleges and incorporates each preceding paragraph of this complaint as if fully set forth in this paragraph.

61.     During the course of Defendants' employment of Plaintiff, Defendants failed to prevent discrimination toward Plaintiff on the basis of his disability in violation of California Government Code section 12940(k).

62.     As a direct, foreseeable, and proximate result of Defendants' wrongful acts, Plaintiff has suffered special and general damages in an amount exceeding this court's minimum jurisdiction, to be determined according to proof at the time of trial.

63.     Defendants' acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination. Defendants' despicable, deliberate, and intentional acts entitle Plaintiff to recover punitive damages in a sum sufficient to punish and deter Defendants from future similar conduct.

64.     Defendants' acts further entitle Plaintiff to a permanent injunction enjoining the Defendants from failing to prevent discrimination in the workplace.

65.     Plaintiff requests attorney fees and costs against Defendants pursuant to California Government Code section 12965(b).

///
///
///
///
///
///

## SIXTH CAUSE OF ACTION
### FMLA Interference
### Against All Defendants

66.     Plaintiff re-alleges and incorporates by reference all of the allegations set forth in all the paragraphs above, to the extent they are not contradictory to the relief requested herein, as if fully set forth herein.

67.     The FMLA, 29 U.S.C. §2612(a)(1) provides that an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period in order to care for his serious health condition.

a.     The FMLA also entitles a protected employee to reinstatement of his job, with comparable benefits, pay, terms and conditions of employment on return from FMLA leave as if he had not taken leave. 29 C.F.R. § 825.214.

68.     The FMLA further requires covered employers to provide their employees with several specific notices detailing their eligibility, entitlements, and responsibilities under the FMLA; failure to do so (in and of itself) may constitute interference with, restraint, or denial of an employee's rights under the FMLA. 29 C.F.R. § 825.300.

69.     Plaintiff was an eligible employee within the meaning of the FMLA, he was entitled to receive up to twelve (12) weeks of unpaid leave annually under the FMLA, including for his own serious health condition.

70.     Defendants and each of them are "employers" within the meaning of the FMLA.

71.     Plaintiff gave Defendants notice of his need for medical leave, and Defendants believed, knew, or had reason to know he could not perform his assigned work because of his serious health condition.

72.     Among other things, Plaintiff's express notices to Defendants (including notices from his healthcare provider) made clear that if modified or

light-duty work as meets his restrictions was not available, then Plaintiff should have been allowed medical leave from work for his serious health condition.

73.     Yet, Defendants decided repeatedly that they could not "accommodate" Plaintiff in a light-duty and/or modified position, and simply terminated Plaintiff's employment in retaliation for his requests for accommodation and interactive process, instead of offering his FMLA leave to allow him to recuperate, treat, and recover from his serious health condition.

74.     The FMLA provides, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided in this subchapter." 29 U.S.C. §2615(a)(1).

75.     An employee may be granted FMLA leave concurrent with a workers' compensation claim for a serious illness the employee suffers as a result of an on-the-job injury.

76.     Further, Plaintiff was entitled to refuse light-duty/modified work and retain his FMLA leave rights – yet, Defendants never offered him this information nor any option for FMLA leave.

77.     If an eligible employee cannot perform his current job because of his own serious health condition, his right to take FMLA leave is absolute.

78.     If an employee elects light-duty in lieu of FMLA leave, the time he works in the light-duty position cannot be counted against his 12-week FMLA allotment. 29 C.F.R. §825.207(e).

79.     Once an employer acquires knowledge that an employee may need leave for an FMLA-qualifying reason, then the employer must notify the employee of his eligibility to take FMLA leave and the employer must also give notice to the employee of his rights and obligations under the FMLA – these notices must be provided to the employee within five business days of the employer's acquisition of the information. 29 C.F.R. § 825.300.

80. An employee is not required to formally request FMLA leave, nor must he even mention the FMLA; rather, he must only provide sufficient information for his employer to recognize that his need for leave and/or inability to do his assigned work may be FMLA-qualifying.

81. If the employee's information to the employer is in any way deficient, then it is incumbent upon the employer to make further inquiry to determine the FMLA-qualifying nature relating to Plaintiff's needs.

82. Defendants failed to comply with their affirmative obligations under the FMLA to recognize Plaintiff's need for protected leave and/or to make further inquiry concerning his FMLA needs, eligibility, and entitlements.

83. By each of the acts and omissions describe herein, Defendants unreasonably denied Plaintiff FMLA medical leave to which he was entitled, and they further discouraged Plaintiff from seeking the FMLA leave to which he was entitled.

84. Moreover, Defendants failed to provide Plaintiff the requisite forms, notices, and information concerning Plaintiff's rights and responsibilities under the FMLA which was required of Defendants under the FMLA; such notices are strictly regulated under the FMLA in both content and timing of delivery.

85. Defendants' failure to provide requisite and timely FMLA information and notices - including notices of Plaintiff's FMLA eligibility, rights and obligations - is itself an interference with Plaintiff's FMLA rights to take protected leave. 29 C.F.R. § 825.300(e).

86. Defendants not only failed and refused to offer Plaintiff protected medical leave when they could no longer offer him modified or light-duty work – electing instead to terminate his employment - but Defendants also failed in their obligations to restore Plaintiff to his job once FMLA leave was complete.

87.    Further, and notwithstanding Plaintiff's medical documentation and specific requests, Defendants engaged in conduct casting a chilling effect upon Plaintiff's exercise of his FMLA rights, denied Plaintiff the FMLA-protected leave to which he was entitled, and further failed to take appropriate affirmative actions to determine whether the leave he took and/or needed in lieu of light-duty work or termination was or should have been qualified as FMLA-protected leave.

88.    Defendants' actions, as set forth herein, constitute unlawful interference with Plaintiff's rights under the FMLA, including interference with his existing and his reasonably anticipated future leave needs.

89.    Defendants' actions were willful and knowing; at the very least, Defendants knew or reasonably should have known that their actions constituted interference with Plaintiff's FMLA rights and entitlements – including (at the very least) his rights to notice and information concerning his FMLA rights and eligibility for protected leave in lieu of workers' compensation, light or modified duty, and/or as an alternative to termination.

90.    Under the FMLA, Plaintiff is entitled to a strong presumption in favor of awarding him liquidated damages equal to the sum of the amount of lost income, benefits value, and other actual monetary losses suffered by Plaintiff. 29 U.S.C. §2617(a)(1)(A).

91.    Defendants lacked any objectively reasonable grounds to believe that their actions complied with the FMLA.

92.    As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income (back and front pay), and loss of other employee benefits, as well as emotional damages.

93.    Plaintiff also incurred other harm, including out-of-pocket costs, special damages, and the loss of the value of his damages entitling him to prejudgment interest as provided for under the law. 29 U.S.C. §2617(a)(1)(A)(iii).

94.     Plaintiff has also incurred attorney's fees and costs, as to which he is entitled to an award under the FMLA. 29 U.S.C. §2617(a)(3).

95.     Defendants' conduct violated the FMLA, and as such, they are jointly and severally liable to Plaintiff for all damages, relief, and penalties to which he is entitled under the FMLA and such other and further relief as this Court deems appropriate.

**SEVENTH CAUSE OF ACTION**
**FMLA Retaliation**
**Against All Defendants**

96.     Plaintiff re-alleges and incorporates by reference all of the allegations set forth in all the paragraphs above, to the extent they are not contradictory to the relief requested herein, as if fully set forth herein.

97.     In addition to interfering with Plaintiff's FMLA rights, as set forth above, Defendants also retaliated against him for requesting, needing, and use of what should have been characterized as protected FMLA leave rights.

98.     Plaintiff engaged in protected acts under the FMLA, in response to which Defendants retaliated against him with adverse acts, including suspension of his employment, and termination of his employment.

99.     Defendants were on notice of their obligation to provide Plaintiff medical leave; had Plaintiff not needed FMLA leave and/or had he not provided Defendants sufficient information to trigger their further inquiry into his need for FMLA-qualifying leave, Plaintiff would not have been subjected to Defendants' adverse acts described herein – including termination.

100.     Upon information and belief, Defendants' stated rationale for terminating Plaintiff is pretext for FMLA retaliation.

101.     Plaintiff's request and need for what should have been FMLA protected leave, and his readily anticipated need for future FMLA leave (and

request therefor) was a motivating reason for Defendants' decision to suspend and terminate him.

102. Defendants' treatment of Plaintiff, and their suspension and termination of his employment constitutes retaliation for his having exercised his FMLA rights in violation of the FMLA, 29 U.S.C. § 2615.

103. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income (back and front pay), and loss of other employee benefits, as well as emotional damages.

104. Plaintiff also incurred other harm, including out-of-pocket costs, special damages, and the loss of the value of his damages entitling him to prejudgment interest as provided for under the law.

105. Plaintiff has also incurred attorney's fees and costs, as to which he is entitled to an award under the FMLA.

106. Defendants' conduct violated the FMLA, and as such, they are jointly and severally liable to Plaintiff for all damages, relief, and penalties to which he is entitled under the FMLA and such other and further relief as this Court deems appropriate.

## EIGHTH CAUSE OF ACTION
### CFRA Violation
### In Violation of Cal. Gov't Code § 12945.1 *et seq.*
### Against All Defendants

107. Plaintiff re-alleges and incorporates each preceding paragraph of this complaint as if fully set forth in this paragraph.

108. The California Family Rights Act ("CFRA") requires that an employer reinstate an eligible employee to his position or a comparable position upon his return to work from protected medical leave.

109. Defendants were and are a covered employer under CFRA, Cal. Gov't Code § 12945.2(c)(2)(A).

110.    Plaintiff was an eligible employee under CFRA at all times relevant and requested and took protected leaves for treatment of his serious health conditions.  Plaintiff provided reasonable notice to Defendants of his need for leave including its expected timing and length; he provided the notice as soon as reasonably possible under the circumstances.

111.    Defendants violated the CFRA by acts and omissions identified herein, including but not limited to failing to reinstate him to his prior position upon return from medical leave, and terminating his employment after his return from medical leave.

112.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, lost benefits, and expenses in an amount according to proof.  As further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof.

113.    As a further direct and proximate cause of Defendants' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

114.    Defendants' acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination. Defendants' despicable, deliberate, and intentional acts entitle Plaintiff to recover punitive damages in a sum sufficient to punish and deter Defendants from future similar conduct.

115.    Defendants' acts further entitle Plaintiff to a permanent injunction enjoining the Defendants from failing to provide a workplace free from discrimination based on disability as well as equitable relief.

116. Plaintiff requests attorney fee and costs against Defendants pursuant to California Government Code section 12965(b).

**NINTH CAUSE OF ACTION**
**CFRA Retaliation**
**Violation of Cal. Gov't Code § 12945.2(l).**
**Against All Defendants**

117. Plaintiff re-alleges and incorporates each preceding paragraph of this complaint as if fully set forth in this paragraph.

118. The CFRA requires that employers provide an eligible employee with up to 12 workweeks of protected medical leave on an annual basis to care for his serious health condition(s). The CFRA also requires that the employer guarantee the eligible employee restoration to the same or a comparable position upon the termination of his leave.

119. Defendants were and are a covered employer under CFRA, Cal. Gov't Code § 12945.2(c)(2)(A).

120. Plaintiff at all times relevant was an eligible employee within the CFRA.

121. Plaintiff requested and took medical leave from February 202 0to January 2032, as identified elsewhere herein.

122. Defendants terminated Plaintiff's employment on the basis for his requests for and taking of medical leave. Alternatively, Plaintiff's requests for and taking of medical leave was a motivating reason for Defendants' termination of his employment.

123. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, lost benefits, and expenses in an amount according to proof. As further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of

lost future earnings, benefits, and/or other prospective damages in an amount according to proof.

124.    As a further direct and proximate cause of Defendants' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

125.    Defendants' acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination. Defendants' despicable, deliberate, and intentional acts entitle Plaintiff to recover punitive damages in a sum sufficient to punish and deter Defendants from future similar conduct.

126.    Defendants' acts further entitle Plaintiff to a permanent injunction enjoining the Defendants from failing to provide a workplace free from discrimination based on disability as well as equitable relief.

127.    Plaintiff requests attorney fee and costs against Defendants pursuant to California Government Code section 12965(b).

## TENTH CAUSE OF ACTION
### Wrongful Termination
### in Violation of Public Policy
### Against All Defendants

128.    Plaintiff re-alleges and incorporates each preceding paragraph of this complaint as if fully set forth in this paragraph.

129.    Defendants' termination of Plaintiff's employment contravened substantial public policy embodied in codes, statutes, and regulation of the State of California prohibiting discriminatory termination, discrimination, harassment, and retaliation on the basis of an employee's disability or perceived disability, on the basis of an employee's requests or need for reasonable accommodation and

medical leave, on the basis of reporting and resisting Defendants' wrongful employment practices, and/or on the basis of the employee's exercise of protected rights.

130. As a direct, foreseeable, and proximate result of Defendants' wrongful acts, Plaintiff has suffered special and general damages in an amount exceeding this court's minimum jurisdiction, to be determined according to proof at the time of trial.

131. Defendants' acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination. Defendants' despicable, deliberate, and intentional acts entitle Plaintiff to recover punitive damages in a sum sufficient to punish and deter Defendants from future similar conduct.

**WHEREFORE**, Plaintiff prays for relief against Defendants, and each of them, as follows:

## PRAYER

A. For special damages including lost wages, lost benefits, bonuses, vacation benefits, and general damages in an amount in excess of the minimum jurisdictional limits of this court, according to proof;

B. For punitive damages in an amount sufficient to punish and deter;

C. For injunctive relief;

D. For applicable penalties;

E. For attorney fees;

F. For costs of suit incurred;

G. For prejudgment interest;

H.    For such other and further relief as this court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury.


Dated: January 9, 2023                    BEAMAN JACINTO LAW P.C.


By: _____
Megan Beaman
Curtis Davis
Attorneys for Plaintiff David Furmanski